Filed 5/17/22  P. v. Martinez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>WENSELADO MARTINEZ,<br><br>    Defendant and Appellant. | F080115<br><br>(Madera Super. Ct. No. MCR11380)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Madera County.  Dale J. Blea, Judge.

Dale Dombkowski, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Hill, P. J., Levy, J. and Meehan, J.

## INTRODUCTION

In 2004, appellant Wenselado Martinez was convicted of two counts of first degree murder, with the burglary/felony murder and multiple-murder special circumstances found true. He was sentenced to two consecutive terms of life in prison without possibility of parole.

In 2019, Martinez filed a petition for writ of habeas corpus, later deemed a petition pursuant to Penal Code[1] section 1170.95, and alleged he was entitled to relief because he was not the actual killer, and his murder convictions were based on the felony-murder rule. The superior court denied the petition.

On appeal, Martinez's appellate counsel has filed a brief which summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

## FACTS[2]

Martinez and Peter Major were burglarizing a home in Madera County when they were interrupted by the returning homeowners. Martinez and Major fled in a car driven by Martinez. They were pursued by a patrol car driven by Deputy Valerie Breedlove. The pursuit ended when Martinez's car collided with a car driven by Mabel Jacks.

Jacks's passenger, 66-year-old Raymond Hutson, suffered a gaping fracture of his upper sternum, at least 10 rib fractures, and a contusion to the lower front of his heart. He died six days later. The cause of death was a forceful blunt force injury, primarily to the left front of the chest.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] This court advised the parties that it was taking judicial notice of the record in Martinez's direct appeal, *People v. Martinez* (Sept. 12, 2005, F045832), and the parties did not object. The factual and procedural summaries are from the instant appellate record and the record and nonpublished opinion in Martinez's direct appeal. As will be explained below, we provide the factual summary for background purposes but will not rely on these facts to resolve the issues presented in this appeal. (See § 1170.95, subd. (d)(3).)

Martinez's car ended up on its side.  Deputy Breedlove found Major in the front passenger seat of the car.  She testified that Major's head was "underneath the passenger side, between that and the asphalt."  Major suffered a cerebral concussion, a fractured collarbone, five fractured ribs, a seven-inch laceration along the right side and top of the head, hemorrhaging of the brain, and other injuries.  He died two days after Hutson died and eight days after the collision.  The swelling of Major's brain caused by the trauma to his head restricted the flow of blood to his cranial cavity and caused brain death.

## PROCEDURAL BACKGROUND

On October 9, 2002, a first amended information was filed that charged Martinez with counts 1 and 2, first degree murders of Hutson and Major (§ 187, subd. (a)); with the special circumstances that the murder was committed while Martinez was in the immediate flight from the commission or attempted commission of a burglary (§ 190.2, subd. (a)(17); and the multiple-murder special circumstance (§190.2, subd. (a)(3).

Martinez was also charged with count 3, first degree burglary (§ 459); counts 4 and 5, reckless evasion of a pursing officer causing death to Huston and Major (Veh. Code, § 2800.3), with enhancements for the infliction of great bodily injury (§ 12022.7); and count 6, driving with a willful or wanton disregard for the safety of persons or property while fleeing from a pursuing peace officer (Veh. Code, § 2800.2).  (*People v. Martinez, supra*, F045832.)

**Jury Instructions[3]**

The jury was instructed on first and second degree murder, express and implied malice, and first and second degree felony murder based on a killing that was committed during the commission or attempted commission of a burglary.  (CT 160-164, 167, 172-175)

---

**[3]** In response to Martinez's petition, the People filed opposition with the printed jury instructions as supporting exhibits.  Martinez did not object.

3.

The jury received CALCRIM No. 8.80.1 on the special circumstances.

"If you find the defendant in this case guilty of murder of the first degree, you must then determine if one or more of the following special circumstances are true or not true: (1) murder during the commission or attempted commission of a burglary and (2) multiple murder convictions.

"The People have the burden of proving the truth of a special circumstance. If you have a reasonable doubt as to whether a special circumstance is true, you must find it to be not true.

"If you are satisfied beyond a reasonable doubt that the defendant actually killed a human being, you need not find that the defendant intended to kill in order to find the special circumstance to be true.

"If you find that the defendant was not the actual killer of a human being, or if you are unable to decide whether the defendant was the actual killer, you cannot find the special circumstance to be true as to that defendant unless you are satisfied beyond a reasonable doubt that such defendant, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree, or with reckless indifference to human life and as a major participant, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted in the commission of the crime of burglary which resulted in the death of a human being.

"A defendant acts with reckless indifference to human life when that defendant knows or is aware that his acts involve a grave risk of death to an innocent human being.

"You must decide separately each special circumstance alleged in this case. If you cannot agree as to all of the special circumstances, but can agree as to one or more of them, you must make your finding as to the one or more upon which you do agree.

"In order to find a special circumstance alleged in this case to be true or untrue, you must agree unanimously.

"You will state your special finding as to whether this special circumstance is or is not true on the form that will be supplied."

The jury also received CALJIC 8.81.3:

"To find that the special circumstance referred to in these instructions as multiple murder convictions is true, it must be proved:

"The defendant has in this case been convicted of at least one crime of murder of the first degree and one or more crimes of murder of the first or second degree."

**Convictions and Sentence**

On January 28, 2004, after a jury trial, Martinez was convicted as charged, and the jury found true the special circumstances and the great bodily injury enhancements. (*People v. Martinez*, *supra*, F045832.)

On June 25, 2004, the court denied Martinez's motion for new trial and sentenced him to two consecutive terms of life without the possibility of parole for counts 1 and 2, first degree murder with special circumstances. The court imposed and stayed the sentences on the remaining counts pursuant to section 654. (*People v. Martinez*, *supra*, F045832.)

**Direct Appeal**

On September 12, 2005, this court affirmed Martinez's convictions and sentence on direct appeal. Martinez argued the great bodily injury enhancements were elements of violating Vehicle Code section 2800.3 and had to be stricken; we rejected this claim and held the enhancements were properly found true. We also rejected his argument that his conviction in count 6, for violating Vehicle Code section 2800.2, was a lesser offense of counts 4 and 5, for violating Vehicle Code section 2800.3. Finally, we ordered the parole revocation fine stricken since Martinez was sentenced to life in prison without possibility of parole. (*People v. Martinez*, *supra*, F045832.)

## SENATE BILL NOS. 1437 & 775

The instant appeal is from the denial of Martinez's writ petition, that the court deemed a petition for resentencing filed pursuant to Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437).

Senate Bill 1437 was effective on January 1, 2019, and amended " 'the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)[4]

"Substantively, Senate Bill 1437 accomplishes this by amending section 188, which defines malice, and section 189, which defines the degrees of murder, and as now amended, addresses felony murder liability." (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723; *People v. Gentile* (2020) 10 Cal.5th 830, 842.)

"In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis, supra*, 11 Cal.5th at p. 959.)

"Pursuant to section 1170.95, an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to section 188 or 189 made effective January 1, 2019.'

---

[4] As amended, section 189, subdivision (f) states an exception that allows "individuals to be convicted of felony murder even if they did not act with malice and do not fall in one of the three categories of section 189, subdivision (e), where the victim is a peace officer engaged in the course of his or her duties and the defendant knows (or reasonably should know) these facts." (*People v. Hernandez* (2021) 60 Cal.App.5th 94, 99.)

[Citations.]  Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.'  [Citation.]  If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.' " (*Lewis, supra*, 11 Cal.5th at pp. 959–960.)

"Where the petition complies with [section 1170.95,] subdivision (b)'s three requirements, then the court proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief.  [Citation.]  [¶]  If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not … previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.'  [Citation.]  'The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.'  [Citation.]  At the hearing stage, 'the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' " (*Lewis, supra*, 11 Cal.5th at p. 960.)

**Lewis**

In *Lewis*, the court interpreted the provisions of section 1170.95 and held that petitioners "are entitled to the appointment of counsel upon the filing of a facially sufficient petition [citation] and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' " (*Lewis, supra*, 11 Cal.5th at p. 957, italics added in original.)  " 'If the petitioner has requested counsel, the court *shall* appoint counsel to represent the petitioner.' " (*Id*. at p. 963, italics added in original.)

*Lewis* also held that "at the prima facie stage, a petitioner's allegations should be accepted as true, and the court should not make credibility determinations or engage in

'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis, supra,* 11 Cal.5th at p. 974.) When the court conducts the prima facie determination, section 1170.95, subdivision (b)(2) only permits screening out "noncomplying petitions, not petitions that lack substantive merit." (*Lewis, supra*, 11 Cal.5th at p. 968.)

*Lewis* further held that after appointing counsel, the trial court may rely on the record of conviction to determine whether the prima facie showing has been made in order "to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra*, 11 Cal.5th at p. 971.) "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*Lewis, supra*, 11 Cal.5th at p. 971.)

" 'However, if the record, *including the court's own documents*, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis, supra*, 11 Cal.5th at p. 971, italics added.)

"Appellate opinions … are generally considered to be part of the record of conviction. [Citation.] However, as we cautioned in [*People v. Woodell* (1998) 17 Cal.4th 448, 457], the probative value of an appellate opinion is case specific, and 'it is certainly correct that an appellate opinion might not supply all answers.' [Citation.] In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.] As the People emphasize, the 'prima facie bar was intentionally and correctly set very low.' " (*Lewis, supra*, 11 Cal.5th at p. 972.)

"[T]here is no categorical bar to consulting the record of conviction at the prima facie stage." (*Lewis, supra*, 11 Cal.5th at p. 972, fn. 6.) "In sum, the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under [section 1170.95,] subdivision (c)." (*Id.* at p. 972, fn. omitted.)

The prima facie determination is a question of law, and the court may deny a petition at the prima facie stage if the petitioner is ineligible for resentencing as a matter of law. (*Lewis, supra*, 11 Cal.5th at p. 966.)

*Lewis* announced a prejudicial error standard under *People v. Watson* (1956) 46 Cal.2d 818, if the court failed to appoint counsel or violated the petitioner's statutory rights under section 1170.95, and the petitioner must "therefore 'demonstrate there is a reasonable probability that in the absence of the error he [or she] … would have obtained a more favorable result.' " (*Lewis, supra*, 11 Cal.5th at p. 974.)

Therefore, to demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis, supra*, 11 Cal.5th at pp. 972–974; see *People v. Watson*, *supra*, 46 Cal.2d at p. 836.)

**Senate Bill 775**

In October 2021, Senate Bill 775 was enacted and amended section 1170.95, effective on January 1, 2022. (2020–2021 Reg. Sess.; Stats. 2021, ch. 551, § 1 (Senate Bill 775).) As a result of the amendments, section 1170.95 clarified that "persons convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter," may file a petition to have that conviction vacated under certain circumstances. (§ 1170.95, subd. (a).)

The amendments also codified the holding in *Lewis* that "[u]pon receiving a petition in which the information required by this subdivision is set forth …, if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner." (§ 1170.95, subd. (b)(3).) After the petition is filed, the People shall file a response and the petitioner may serve a reply. (*Id*. at subd. (c).)

After the parties have the opportunity to submit briefs, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1170.95, subd. (c).) If the petitioner makes the prima facie showing, "the court shall issue an order to show cause." (*Ibid*.) If the court declines to issue an order to show cause, "it shall provide a statement fully setting forth its reasons for doing so." (*Ibid*.)

If an order to show cause is issued, "the court shall hold a hearing to determine" whether to vacate the petitioner's conviction, recall the sentence, and resentence petitioner. (§ 1170.95, subd. (d)(1).) At the hearing, the prosecution has the burden to prove beyond a reasonable doubt that petitioner is guilty of murder or attempted murder under the amended versions of sections 188 and 189. (*Id*. at subd. (d)(3).)

"At the hearing to determine whether the petitioner is entitled to relief … [t]he admission of evidence in the hearing shall be governed by the Evidence Code, except that the court *may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion*. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule. The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens. A finding that there is substantial evidence to support a conviction for murder … is insufficient to prove,

10.

beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3), as amended by Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022, italics added.)

## MARTINEZ'S PETITION

On January 4, 2019, Martinez filed a petition for writ of habeas corpus with the superior court, and asserted he was entitled to resentencing under the provisions of section 1170.95 because he was not the actual killer and did not act with the intent to kill, and he was convicted of murder under the felony murder rule. (CT 8, 12) Martinez requested appointment of counsel. (CT 12)

Martinez's petition and declaration asserted that someone "who proximately caused the death of a person" had never been "equated" with an actual killer or someone who, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer, under section 189, subdivision (e). Martinez conceded he was a major participant but argued he did not act with reckless indifference.[5]

Martinez further argued the jury was instructed pursuant to CALJIC 8.10 on felony murder, that a killing that occurred during the commission or attempted commission of a burglary or a felony inherently dangerous to human life is murder, and that Vehicle Code section 2800.2, felony eluding, was inherently dangerous to human life. Martinez asserted the jury was not instructed that they had to find he acted with reckless indifference to human life in order to find him guilty of the charged crimes because it is not an element of any of the charged crimes. "Additionally, to find true felony-murder, a jury need not make a specific finding that a defendant is the 'actual killer,' as the term is used in PC § 189(e). Thus Petitioner is not excluded from relief under PC § 1170.95" and his "murder convictions must be vacated and he must be resentenced accordingly."

---

[5] Martinez erroneously declared he was convicted as a result of a plea agreement.

11.

On February 8, 2019, the superior court issued an order deeming Martinez's writ as a petition for resentencing under section 1170.95. The court appointed counsel to represent Martinez and set a briefing schedule for the parties.

**The People's Opposition**

On March 1, 2019, the People filed opposition and argued Martinez was not eligible for resentencing under section 1170.95 because the jury found true the three special circumstances. In support of the opposition, the People filed the full set of printed instructions given at Martinez's trial. Based on the special circumstance instructions, the People argued the jury made the factual findings that Martinez was the actual killer, acted with the intent to kill, and he was a major participant who acted with reckless indifference.

**The Court's Denial of the Petition**

On April 4, 2019, the court filed an order denying Martinez's section 1170.95 petition. "In affirming petitioner's conviction, the Fifth District Court of Appeal specifically found that petitioner and his coconspirator, Majors, were burglarizing a home when they were interrupted by the returning homeowners. The court found that petitioner and Majors fled in a car driven by appellant and pursued by a peace officer. In attempting to evade the officer, petitioner lost control of his car and collided with another vehicle. The occupant of that vehicle and Majors died as a result of injuries sustained in the collision. [Citation.] [¶] Because petitioner was the actual killer in this matter, he may be convicted of first degree murder pursuant to Penal Code section 189(a) and (e)(1). Any claim to the contrary is without merit."

**Martinez's Further Pleadings**

On May 22, 2019, the superior court received a letter from Martinez, in pro. per., asking about the status of his petition.

On September 6, 2019, Martinez filed a motion to vacate the court's order that denied his section 1170.95 petition, and declared he was never contacted by his attorney

or served with any pleadings before the court denied the petition. Martinez stated that his daughter directly contacted the superior court and found out the petition was denied. Martinez asserted the court's denial was the result of extrinsic fraud or mistake. On the same date, Martinez filed another petition for writ of habeas corpus with the superior court, requested appointment of counsel, and argued he was eligible for resentencing under section 1170.95 based on the same arguments raised in his first petition.

On September 19, 2019, the superior court denied Martinez's motion to vacate. The court also denied his renewed writ petition because the same arguments had been previously considered and denied. The court again stated that Martinez was not eligible for relief under section 1170.95 because he was the actual killer.

**Appellate Orders**

On October 10, 2019, Martinez filed a notice of appeal from the court's order of September 19, 2019. Thereafter, this court requested briefing as to whether the appeal should be dismissed as untimely.

On January 29, 2021, this court held the instant appeal would not be dismissed as untimely because a proof of service was not attached to the superior court's order of April 4, 2019, that denied Martinez's petition, there was no evidence the superior court responded to Martinez's letter asking about the status of his petition, construed the notice of appeal to be from the court's order of April 4, 2019, that denied his petition, and it was timely.

## DISCUSSION

As noted above, Martinez's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that Martinez was advised he could file his own brief with this court. By letter on June 1, 2021, we invited him to submit additional briefing. He did not do so.

13.

**Section 1170.95**

While Martinez's petition was denied before *Lewis* was decided and section 1170.95 was amended by Senate Bill 775, the trial court complied with the amendments to section 1170.95, subdivisions (b) and (c) by appointing counsel, having the parties brief the issue at the prima facie stage, and stating reasons why it decided not to issue an order to show cause. However, the court did not conduct a hearing on the prima facie issue. (*Lewis, supra*, 11 Cal.5th at pp. 971–972; § 1170.95, subd. (c).)

In order to be eligible pursuant to section 1170.95, the petitioner must not have been the actual killer, acted with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. (§§ 189, subd. (e), 1170.95, subd. (a)(3); see *People v. Gentile, supra*, 10 Cal.5th at p. 842.) The prima facie determination is a question of law, and the court may deny a petition at the prima facie stage if the petitioner is ineligible for resentencing as a matter of law. (*Lewis, supra,* 11 Cal.5th at p. 966.) While the appellate opinion on direct appeal is part of the record of conviction, the court cannot engage in premature factfinding based on the appellate opinion at the prima facie stage. (*Lewis, supra*, 11 Cal.5th at pp. 971–972; § 1170.95, subd. (d).) The court may rely on jury instructions, which are part of the record of conviction, to make the prima facie determination, because the instructions "given at a petitioner's trial may provide 'readily ascertainable facts from the record' that refute the petitioner's showing, and reliance on them to make the eligibility or entitlement determinations may not amount to 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, disapproved on another ground in *Lewis*, *supra*, 11 Cal.5th 952.)

The entirety of the record, including the amended information, jury instructions, and verdicts, shows that Martinez was tried and convicted as the actual killer.[6] In

---

[6] In his section 1170.95 petition, Martinez argued that he was not the actual killer, even though he was driving the vehicle, because someone "who proximately caused the

14.

addition, the jury was instructed that it had to find Martinez had the intent to kill to find true both special circumstances. As set forth above, the jury was instructed with CALJIC No. 8.80.1 as to both special circumstances: "If you are satisfied beyond a reasonable doubt that the defendant *actually killed* a human being, you need not find that the defendant intended to kill in order to find the special circumstance to be true. [¶] If you find that the defendant was not the actual killer of a human being, or if you are unable to decide whether the defendant was the actual killer, you cannot find the special circumstance to be true as to that defendant unless you are satisfied beyond a reasonable doubt that such defendant, *with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree, or with reckless indifference to human life and as a major participant*, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted in the commission of the crime of burglary which resulted in the death of a human being." (Italics added.)

The instructions and the jury's findings on the special circumstances leave Martinez ineligible for relief as a matter of law. The multiple-murder special circumstance required the jury to find either that the Martinez was the actual killer, or that he acted with intent to kill in aiding and abetting the murders. (*People v. Nunez and Satele* (2013) 57 Cal.4th 1, 45.) In addition, "[t]he language of the special circumstance

death of a person" has never been "equated" with an actual killer or someone who, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer, under section 189, subdivision (e). Without making any factual findings in this case, we note that in *People v. Roldan* (2020) 56 Cal.App.5th 997, review dismissed [non-citable and nonprecedential "to the extent it is inconsistent with" the decision in Lewis]), the petitioner was convicted of second degree murder based an implied malice theory of driving under the influence and causing death, pursuant to *People v. Watson* (1981) 30 Cal.3d 290. *Roldan* held that since petitioner was the actual killer who was driving the vehicle, he was not entitled to resentencing under section 1170.95 petition because the implied malice theory survived the amendments enacted by Senate Bill 1437. (*People v. Roldan,* at pp. 1004–1005.)

tracks the language of Senate Bill 1437 and the new felony-murder statutes." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 419.)  A panel of this court recently resolved to follow the line of authority holding that a felony-murder special circumstance finding precludes relief as a matter of law.  (*People v. Simmons* (2021) 65 Cal.App.5th 739, 748–749, review granted Sept. 1, 2021, S270048.)  We agree.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.